WOOD *v.* O'CALLAGHAN.

ACCOUNT STATED—ACTION—INSTRUCTIONS.
    In an action on an account stated, brought on the theory that defendants agreed to make up to plaintiff the difference between the cost and selling price of certain stock, which defendants denied, instructions examined, and *held*, not subject to the criticism that by them the jury were told that plaintiff could not recover unless the parties agreed upon the amount in *figures*.

Error to Dickinson; Stone, J. Submitted April 28, 1905. (Docket No. 120.) Decided June 29, 1905.

Assumpsit by John R. Wood against John O'Callaghan and Patrick Flanagan on an account stated. There was judgment for defendants, and plaintiff brings error. Affirmed.

*H. O. Young*, for appellant.

*R. C. Flannigan*, for appellees.

. MONTGOMERY, J.   Before and during the summer and fall of 1890, the Laing Lumber Company, a corporation, was conducting a general lumbering business at Sagola, in the county of Dickinson, Mich.   The company was capitalized at $60,000, and its entire stock was owned by W. S. Laing, John Perkins, Mr. Wood, and the defendants.   The company was organized by Mr. Laing and the defendants, who subscribed for the entire stock.   Mr. Perkins acquired his stock by purchase from the defendants.   Mr. Wood purchased his stock in part from Mr. Laing, and in part from Mr. O'Callaghan. During the summer and fall of 1890 the company was "pretty hard up."   It was indebted to the First National Bank, of Iron Mountain, Mich., of which Mr. Wood was president, and Mr. Laing and Mr. Perkins were directors, for money loaned; it could not meet the payments on its stumpage contracts as they matured; it had no available funds; its stock was full paid, and overpaid $4,000, and was not subject to assessment.   It was desired by the stockholders that a shift of some kind should be made to relieve the situation, and, at Mr. Wood's request, Mr. O'Callaghan opened negotiations with a party of gentlemen, called in the record the "Wittenbergs," which culminated about December 17th in a transfer to the Wittenbergs of the stock of the company theretofore owned by Mr. Laing, Mr. Perkins, and Mr. Wood, except 35 shares which went to the defendants in order to make their holdings in the company equal to the Wittenbergs, and the taking over by the Wittenbergs of the $25,000 loan of Mr. Wood's bank to the Laing Lumber Company.   The price which the Wittenbergs paid for Mr. Wood's stock was less than the same stock cost Mr. Wood, and his claim in this suit is that the defendants, who continued in the company, promised they would make him good in a year from that date for the difference be-

tween the cost of the stock to him and the selling price of the stock to the Wittenbergs, and would give him a note for the amount of such difference, payable in one year, with 7 per cent. interest. This claim was denied in every particular by the defendants, and so the controversy went to the jury, who found for the defendants. The plaintiff brings error, alleging as a single ground that the circuit judge erred in charging the jury that "in order for the plaintiff to recover it must not only appear that the contract was made, but that the defendants, O'Callaghan and Flanagan, understood the amount for which they were to give their note."

That the precise point may be understood, it should be stated that the declaration contained no special count, and it appears to be conceded that the plaintiff, if entitled to recover at all, was restricted to the count on an account stated. It is assumed that the language of the charge excepted to conveyed to the jury the thought that, before there could be an account stated, the parties must have agreed upon the amount thereof represented by figures, and it is contended that this was an error; that it is sufficient to constitute an account stated if the items constituting the account are settled upon so that nothing remains but a mere matter of computation. If we accept this as stating the correct rule—and it is not questioned by defendants' counsel—we are convinced that the language employed by the circuit judge, when read in connection with other portions of the charge, and when applied to the facts in the case, could not have been intended as laying down a different rule, nor could it have been so understood by the jury. An examination of the record shows that there was no claim made by any one in the case that the *figures* were agreed upon by the parties. The plaintiff himself testified that the amount was not figured up, but the theory of his case was that defendants knew the cost of the stock to him and the price paid by the Wittenbergs, and agreed to give their note for the difference. The defendants, on the other hand, denied having made the agreement to save plaintiff

from loss, and also denied having had knowledge as to what plaintiff paid for his stock. The case was permitted to go to the jury, which would not have been permitted had the circuit judge intended the language quoted as construed by plaintiff's counsel. This language should be construed in connection with and as having reference to the controverted question submitted to the jury. As so construed, it is clear that the jury would understand that what was required was that the defendants must, before they could be charged as upon an account stated, have had knowledge of the facts which fixed, or would enable them to fix, a definite amount.

The following extracts from the charge show that the view of the circuit judge was made clear to the jury:

" The plaintiff claims, as I understand it, that this sum is due him by reason of an agreement which he claims was made between him and the two defendants, in and by which they agreed to pay him the loss which he had sustained by a sale of his capital stock in the Laing Lumber Company to the Wittenbergs, and that loss was the difference between what his stock had cost him and the amount it was sold for to the Wittenbergs—I don't know any better name than 'the Wittenbergs;' I think the jury will understand me. Now, that is the claim of the plaintiff, gentlemen.

" You have listened to the testimony in this case, and it is for you to say whether such an agreement and contract was ever entered into between the plaintiff and the defendants. On the one hand, the plaintiff asserts that such an agreement was made; on the other hand, the defendants deny that such an agreement was ever made.

" In order for the plaintiff to recover a verdict here, you must find that such an agreement was made between the parties; that their minds met upon that proposition; that the defendants, O'Callaghan and Flanagan, were to pay this difference, amounting, as the plaintiff claims, to $2,455.49 at that time, and that they were to give him their promissory note due in one year, at 7 per cent., which the plaintiff says was never given or done, and that no part of it has ever been paid. Now, gentlemen, in order for the plaintiff to recover, as I said, it is necessary that you should find this contract—this agreement; it was

not in writing; it was not claimed to have been in writing; it is not necessary that it should have been in writing, but there should have been an agreement, an understanding, a bargain, a contract, in which the minds of the parties met, so that they both understood the transaction; or, if their minds did not meet, that these defendants so talked and acted and conducted themselves as to lead the plaintiff to believe that they were to pay it. * * *

"Nobody denies but that it was desirable at that time that the Wittenbergs should come into the institution, the corporation, by the purchase of a quantity of this stock—we will say one-half. That the evidence shows, substantially—they were to become the purchasers of one-half of this stock. The question is, Was there a bargain made by which these defendants agreed to pay to Mr. Wood, the plaintiff, this difference? That is the question."

Then follows the language excepted to, and this is followed by further instructions as follows:

"If you find the plaintiff entitled to recover, you will say in what sum, and whatever sum you find, you will add interest to it at 6 per cent. for 9 years and 24 days. The recovery cannot exceed the amount claimed by the plaintiff—$2,455.49. You may look it over, and if you say that the plaintiff is entitled to recover by a preponderance of the evidence, but a smaller sum than that, you will make the sum whatever it should be under the testimony.

"There is no claim here on the part of the defendants for any lesser sum in figures. There is a denial that any such agreement was made, and the further claim that they never knew the amount, for which a note was to be given even. They deny that they ever agreed to give any such note. Your verdict, if for the plaintiff, will be, 'We find for the plaintiff in such a sum.'"

We think these instructions must have been understood as presenting the question of fact as to which version was truthful—that of plaintiff or that of defendants—and could not have misled the jury.

Judgment affirmed.

Moore, C. J., and Grant, Blair, and Ostrander, JJ., concurred.